**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 16-cv-00307-MSK-NYW

RYAN WILTBERGER,

    Plaintiff,

v.

LEE-WARD PARTNERS, LLC, a Colorado corporation d/b/a The Thirsty Parrot Bar & Grill, a/k/a The Thirsty Parrot,

    Defendant.

---

**OPINION AND ORDER ON PLAINTIFF'S MOTION TO RECONSIDER RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on Plaintiff Ryan Wiltberger's Motion for Reconsideration/Clarification (**#53**).

## I. Jurisdiction and Legal Standard

Mr. Wiltberger moves the Court to reconsider its prior July 19, 2017 Order (**#52**) granting in part and denying in part Defendant The Thirsty Parrot Bar and Grill's (the "Thirsty Parrot") Motion for Summary Judgment.

There is no formal mechanism for a "motion for reconsideration" under federal statute or the Federal Rules of Civil Procedure. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). Nonetheless, federal courts generally will permit a party to file a reconsideration motion under certain circumstances; the court's treatment of such a motion will depend on whether the order is a final order or an interlocutory one. Here, Mr. Wiltberger seeks review of an interlocutory order. *Haas v. Tulsa Police Dep't*, 58 Fed. App'x 429, 431 (10th Cir. 2003).

1

An interlocutory motion for reconsideration "invok[es] the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223 n.2 (10th Cir. 2008) (internal quotation omitted); *see also Nat. Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000). This inherent power is not governed by rule or statute and is rooted in the court's equitable power to process litigation to a just and equitable conclusion. *Nat. Bus. Brokers*, 115 F. Supp. 2d at 1256. A court has broad discretion to reconsider and alter its interlocutory orders, but as a practical matter, a party seeking reconsideration must set forth facts or law of a strongly convincing nature if that party is going to succeed in convincing the Court to reverse its prior decision.

## II.     Issue Presented

In the Court's July 19, 2017 Order, the Court held that Mr. Wiltberger's Colorado Premises Liability Act ("CPLA") claim was preempted by the Colorado Dram Shop Act (the "Dram Shop Act"), which expressly bars any civil action (except in limited circumstances) against a licensed vendor of alcoholic beverages by a person who was injured by an intoxicated patron. Mr. Wiltberger challenges that determination. He argues that the CPLA claim is premised on the theory that the Thirsty Parrot provided inadequate security to protect its patrons, and thus is unrelated to the Thirsty Parrot's service of alcohol. According to Mr. Wiltberger, because his CPLA claim is (at least possibly) independent of any alcohol-related allegations, it should not be preempted by the Dram Shop Act.

Mr. Wiltberger vaguely alluded to this argument in a single sentence in his summary judgment opposition, and he did not flesh it out to any degree. However, because he did at least

mention it, the Court concludes that it warrants at least discussion and analysis. Therefore, the Court reconsiders its prior ruling, but the outcome remains unchanged.

### III. Discussion

#### A. Applicability of the Dram Shop Act

In the Court's prior Order, the Court did not address whether the Dram Shop Act preempts Mr. Wiltberger's claim based on the Defendant's alleged lack of adequate security. That is new question which can be stated succinctly: does the Dram Shop Act preempt a claim involving an intoxicated person that purportedly arises from a cause in addition to the conduct of that intoxicated person?

As discussed in the prior Order, the Dram Shop Act broadly encompasses any civil action seeking redress "for any injury… or damage to any property suffered because of the intoxication of any person due to the sale or service of any alcohol beverage to such person." C.R.S. § 12-47-801(3)(a). The Colorado Supreme Court has interpreted that language to mean that the Dram Shop Act "provides the sole means for someone *injured by an intoxicated person* to obtain a remedy *from the vendor who sold or provided alcohol to the intoxicated person*." *Build It & They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 303 (Colo. 2011) (emphasis added); *accord Westin Operator, LLC v. Groh*, 347 P.3d 606, 609 (Colo. 2015). Under this formulation, if the injury is caused by an intoxicated person, then the Dram Act preempts claims against the vendor who sold the liquor to the intoxicated person. The only requirements for application of the Dram Shop Act are that: (1) the claimant is suing the vendor of alcoholic beverages; (2) the claimant was injured by an intoxicated person; and (3) the defendant-vendor provided the intoxicated person with one or more alcoholic beverages. There is no provision that exempts application of the Dram Shop Act if there is an intervening or contributory cause for the injury that is unrelated

to the tortfeasor's intoxication. Indeed, under the foregoing Colorado authorities interpreting and applying the Dram Shop Act, direct causation of the injury does not appear to be a strict prerequisite for application of the statute. Instead, those authorities primarily focus on the intoxicated state of the individual causing the injury.

Here, Mr. Wiltberger's theory of the case is that two individuals served alcohol by the Thirsty Parrot were inebriated, and they assaulted and injured him. He specifically alleges in his complaint that the two men were "visibly intoxicated," and he incorporates that allegation into his CPLA count. (**#39**, at ¶¶ 15, 26.) Indeed, Mr. Wiltberger's position throughout the litigation – including in the summary judgment proceedings that are the subject of his Motion for Reconsideration – has been that his assailants were intoxicated. Therefore, all of the requirements necessary to invoke the Dram Shop are met. Mr. Wiltberger is suing a licensed vendor of alcoholic beverages (the Thirsty Parrot); he is claiming that he suffered an injury from an intoxicated person (or, in his case, two intoxicated individuals); and he is claiming that those individuals were provided alcohol by the Thirsty Parrot. Based on the language of the Dram Shop Act and the foregoing Colorado authorities interpreting and applying it, the Act thus applies and preempts *all* other civil claims against the vendor of the alcohol.

This construction of the Dram Shop Act is entirely consistent with *Strauch v. Build It*, 226 P.3d 1235 (Colo. App. 2009). As explained at length in the Court's earlier Order, in *Strauch* the Colorado Court of Appeals expressly held that a CPLA claim involving a stabbing outside of a Colorado Springs nightclub committed by an intoxicated patron of the nightclub was preempted by the Dram Shop Act. *Id.* at 1239. Although the Colorado Supreme Court granted certiorari to consider the matter, they did not take up this part of the holding. The Court of Appeals decision thus remains highly persuasive for the Court on the issue at hand. Although

4

the *Strauch* decision does not explain the precise theory behind the plaintiff's CPLA claim, it likely involved some variation on the premise that the nightclub failed to keep its patrons safe from violence from other intoxicated patrons – *i.e.*, the precise theory at issue in this case. The same result is warranted here.

Finally, the Court would be remiss if it did not address one argument put forward by Mr. Wiltberger – *i.e.*, that the Colorado Supreme Court has "favorably cited" two pre-Dram Shop Act cases and at least contemplated that an injured individual might bring parallel Dram Shop Act and CPLA claims. Mr. Wiltberger relies particularly heavily on the Colorado Supreme Court's observation in *Build It and They Will Drink, Inc. v. Strauch*, 253 P.3d 302, 308 (Colo. 2011) ("*Strauch II*"), that in one of those cases, *Observatory Corp. v. Daly*, 780 P.2d 462 (Colo. 1989), the plaintiff was proceeding under both a dram shop-type claim and a premises liability-type claim. Mr. Wiltberger's argument is that this shows that the Colorado Supreme Court has at least tacitly endorsed the notion that a CPLA claim might be brought alongside a Dram Shop Act claim.

There are two main problems with this argument. The first is that it largely misconstrues the Colorado Supreme Court's discussion in *Strauch II*. The court did not favorably cite the *Observatory Corp.* decision; instead, it specifically rejected the foreseeability analysis used in the prior opinion as inapplicable to a Dram Shop Act claim based on the express language in the statute. The second and more important flaw in Mr. Wilberger's position – as the Thirsty Parrot appropriately points out – is that the claims put forward in *Daly predate the Dram Shop Act*.[1]

---

[1] The *Daly* decision itself was handed down in 1989, after the Dram Shop Act went into effect in 1986, but the incident that was the subject of the lawsuit occurred in 1984, and the trial occurred in 1985, so the statute was not applicable to the claims at issue. Similarly, the other Colorado Supreme Court decision relied upon by Mr. Wiltberger – *Vigil v. Pine*, 176 Colo. 384,

5

This, of course, is crucial, because the question that the Court considered in its initial Order (and in this decision) is whether a particular statutory provision should be construed to foreclose any and all civil actions (except as provided in that statute) against an establishment serving alcoholic beverages based on the conduct of an inebriated patron. Whether a plaintiff at common law could bring parallel negligence and premises liability claims prior to the enactment of that statute is irrelevant to the issue at hand. It will depend on the language of a statute that did not even exist when the lawsuit in *Observatory Corp.* was filed.

### B. Mr. Wiltberger's Alleged CPLA Theory

Moreover, even if the foregoing analysis is incorrect, a different result would not be warranted. In his Motion for Reconsideration, Mr. Wiltberger argues that his Amended Complaint and summary judgment papers "raised the issue of the adequacy of the security at The Thirsty Parrot… *without necessarily linking that claim to the service of alcohol to the persons who assaulted him*…." In other words, he portrays his CPLA claim as involving security concerns that are purportedly separate and distinct from the service of alcohol at the establishment.

The characterization is inaccurate at best, and at worst, it is disingenuous. The operative allegations follow:

- "Defendant Thirsty Parrot through Myers and other employees had a duty to use reasonable care to conduct activities on the premises in a reasonably safe manner in view of the foreseeability of injury to others, *given the consumption of alcohol by patrons*…."

- "The operations of Defendant Thirsty Parrot with the knowledge and permission of Myers *in providing alcohol to the public without adequate security and supervision* created an unreasonable risk of injury, damage and loss…."

---

490 P.2d 934 (1971) – predates the Dram Shop Act by fifteen years and thus has no relevance to the issue of the scope of preemption of a particular statutory provision in that act.

- "The lack of training and adequate security by Defendant Thirsty Parrot with the knowledge and oversight of Myers created a reasonably foreseeable risk of injury to the public *because of its operating methods*."

(**#39**, at ¶¶ 32-34 (emphasis added).) In other words, Mr. Wiltberger contends that the need for security is related to the sale and consumption of alcohol on the Thirsty Parrot's premises – which is precisely what the Dram Act Shop addresses and why it preempts all claims against alcohol vendors for injury caused by intoxicated persons.

In addition, the CPLA claim expressly incorporates earlier allegations that the assailants *were* intoxicated. Fairly read then, the claim alleges that the Thirsty Parrot violated the CPLA by failing to prevent his *assault by two visibly intoxicated patrons*. These allegations place the claim squarely within the Dram Shop Act and foreclose any liability under a CPLA claim.

### IV. Conclusion

The Court hereby **GRANTS** the Motion for Reconsideration, but upon reconsideration, it reaches the same legal conclusion as it did with regard to the Thirsty Parrot's Motion for Summary Judgment. The Dram Shop Act preempts all claims against the Thirsty Parrot based on an assault of the Plaintiff by intoxicated patrons. The Plaintiff's CPLA claim is therefore preempted. Accordingly, it is **DISMISSED**.

If the parties have not yet done so, they shall jointly contact chambers within 14 days to set a final pretrial conference.

DATED this 18th day of September, 2017.

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Court